IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HOPE ARNOLD f/k/a HOPE EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) Cause No.: |
| DOLLAR TREE STORES, INC., | ) |
| Serve: **CSC-Lawyers Incorporating** | ) |
| **Service Company** | ) |
| **221 Bolivar Street** | ) |
| **Jefferson City, MO 65101** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Hope Arnold, and for her cause of action against Defendant Dollar Tree Stores, Inc., states and alleges as follows:

1. Plaintiff Hope Arnold ("Plaintiff") is an individual citizen and resident of the State of Arkansas.

2. Defendant Dollar Tree Stores, Inc. ("Defendant") is a corporation organized under the laws of the State of Virginia and with its principal place of business located in the State of Virginia.

3. The Court has jurisdiction over this matter because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.

4. The Court has personal jurisdiction over Defendant, because Defendant can be found and served in the State of Missouri through its registered agent in this state, and because the tortious act described herein was committed by Defendant in the State of Missouri.

5. Venue in this Court is appropriate, because the incident at issue in this action and the corresponding injuries to Plaintiff, as alleged below, occurred entirely within this Court's judicial district.

6. Upon information and belief, Defendant is the owner and, by and through its employees, operator of a certain Dollar Tree Store located at 1730 First Street, Kennett, Missouri 63857 (the "Premises").

7. Defendant invites customers onto the Premises for the purpose of purchasing products sold by Defendant.

8. The Premises includes customer restrooms which Defendant welcomes customers to use, while on the Premises.

9. On December 7, 2015, Plaintiff entered the Premises for purposes of purchasing products and, while there, entered the women's restrooms at the Premises.

10. Unbeknownst to Plaintiff, prior to Plaintiff entering the restroom, one of Defendant's patrons or employees urinated on the floor of the women's restroom creating a large puddle.

11. Immediately upon stepping into the women's restroom, Plaintiff slipped in the puddle of urine, causing her to fall to the ground and violently strike her left shoulder and left knee on the floor.

12. Defendant, by and through its employees, knew of the puddle of urine in the women's restroom, or should have known of the puddle of urine, given the duration of its existence, prior to Plaintiff slipping in the same.

13. Defendant knew or should have known that the puddle of urine created a dangerous, hazardous, and unsafe condition (the "Dangerous Condition") that was likely to cause harm and injury of the type described herein, to customers, like Plaintiff, utilizing the restrooms.

14. Plaintiff had no reason to know of the Dangerous Condition, because there were no warning signs, barricades, or other objects in place to provide notice of the Dangerous Condition, and because the Dangerous Condition was in a location that made it difficult to identify until after she had already stepped in it.

15. Plaintiff, in fact, did not know of the Dangerous Condition until after she had already fallen and realized that her clothes were covered in urine.

16. Defendant owed a duty to keep its Premises safe and free from hazards like the Dangerous Condition, for the benefit of Plaintiff and its other customers.

17. Defendant, by and through its employees and agents, breached its duty of care owed to Plaintiff and was thereby negligent, in that:

    a. Defendant negligently and carelessly failed to warn of the Dangerous Condition, through signs, cones, or by any other means;

    b. Defendant failed to barricade the Dangerous Condition and/or the restroom, such that Plaintiff would not encounter the Dangerous Condition;

    c. Defendant failed to remedy the Dangerous Condition by mopping up the urine and, instead, leaving the urine in the restroom.

18. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff sustained serious and significant injuries to her shoulder and knee necessitating surgical procedures, which have caused Plaintiff to suffer great physical pain and mental anguish.

19. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was also caused to incur medical expenses for her surgeries, medicines, doctors, x-rays, imaging, medical institutions, prescriptions and, other medical treatment and care, and, in the

future, will be required to expend further sums, the exact amount of which cannot be definitely ascertained at this time.

20. As a direct and proximate result of the negligence and carelessness of Defendant, the function of Plaintiff's shoulder and knee have been, are, and, in the future, will continue to be greatly impaired and diminished, which will prohibit her from performing everyday activities.

WHEREFORE, Plaintiff Hope Arnold prays for a judgment against Defendant Dollar Tree Stores, Inc. in a fair and reasonable sum in excess of $75,000.00, together with her costs expended herein, post-judgment interest, and for such other and further relief as the Court deems just and proper based on the above-alleged facts.

## JURY TRIAL DEMAND

Plaintiff hereby demands that her cause of action be tried to a jury, along with all other claims and causes of action raised in this action that the law permits to be tried to a jury.

COFMAN TOWNSLEY, LLP

By: */s/ Jonathan D. Valentino*
_____
Jonathan D. Valentino, #56166MO
jvalentino@cofmantownsley.com
Todd R. Nissenholtz, #55049MO
tn@cofmantownsley.com
200 South Hanley Road, Suite 1070
Clayton, MO 63105
Phone: 314.621.2005
Fax:    314.621.3118

*Attorneys for Plaintiff*

4